UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00232-GNS-RSE

YIFAN SHIPPING (THAILAND) CO., LTD.                                                       PLAINTIFF

v.

INXEPTION CORPORATION                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Entry of Default and Default Judgment (DN 40). The motion is ripe for adjudication.

### I.   BACKGROUND

In August 2022, Plaintiff Yifan Shipping (Thailand) Co., Ltd. ("Yifan") and Defendant Inxeption Corporation ("Inxeption") entered into a contract under which Yifan was "to provide logistics and shipping services for Inxeption's commerce partners on a case-by-case basis to be invoiced to, and paid by, Inxeption . . . ." (Compl. ¶ 8, DN 1; Shengjia Hu Decl. ¶ 4, DN 1-1; Shengjia Hu Ex. A, DN 1-1). In 2023, Yifan alleges that Inxeption breached the contract by failing to timely pick up cargo and return empty shipping containers. (Compl. ¶ 12). Inxeption failed to pay invoices for services rendered by Yifan totaling $1.22 million. (Compl. ¶ 18). Due to Inxeption's failure to make payments and timely receive cargo, Yifan purportedly incurred charges totaling $737,565.00, which Inxeption failed to pay. (Compl. ¶ 19). To mitigate its damages, Yifan alleges that it had to pay third-party charges to avoid the disruption of the delivery of cargo to intended parties, and further demands for payment were unheeded. (Compl. ¶¶ 23, 25-26).

On April 11, 2024, Yifan filed this action against Inxeption and asserted claims for breach of contract, promissory estoppel, and unjust enrichment. (Compl. ¶¶ 27-43). In

1

conjunction with the Fed. R. Civ. P. 16 scheduling conference, the parties agreed to mediate their dispute, which was scheduled for September 19, 2024. (Order, DN 26; Order, DN 27).

On September 3, 2024, Inxeption's counsel moved to withdraw, which this Court granted and directed Inxeption to retain new counsel by October 2, 2024. (Mot. Withdraw, DN 32; Order 1-2, DN 35). ). On October 3, 2024, the Court again directed Inxeption to obtain new counsel within fourteen days. (Order 1-2, DN 38). In the event Inxeption failed to comply, Yifan was directed to initiate default proceedings against Inxeption. (Order 2, DN 39). Inxeption also failed to comply with that order.

Yifan moved for entry of default and default judgment pursuant to Fed. R. Civ. P. 16(f), and Fed. R. Civ. P. 55. (Pl.'s Mot. Default J., DN 40). Inxeption did not respond to the motion.

## II.   JURISDICTION

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

## III.   DISCUSSION

Fed. R. Civ. P. 16 provides that a court may sanction a party or its attorney for failing to appear at a scheduling or other pretrial conference; being substantially unprepared to participate—or not participating in good faith—at a conference; or failing to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(A)-(C). Potential sanctions for noncompliance under Fed. R. Civ. 16 (which include the sanctions available under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)) are: (i) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (ii) striking pleadings in whole or in part; (iii) staying further proceedings until the order is obeyed; (iv)

dismissing the action or proceeding in whole or in part; (v) rendering a default judgment against the disobedient party; or (vi) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *See* Fed. R. Civ. P. 16(f)(1).

Among the variety of sanctions available in a district court's "arsenal," the entry of a default judgment against a defendant is one of the harshest sanctions. *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). As a sister court has noted, "[e]ntry of default is appropriate both under Rule 55(a) for failure to defend this action and under Rule 16(f) as a sanction." *HMP Auto. Consultants, LLC v. Pierce Prop. Grp., LLC*, No. 5:17-CV-226, 2018 WL 2050135, at *2 (E.D. Ky. May 2, 2018). This Court and other courts have granted a default judgment against a corporate defendant when it fails to retain new counsel and otherwise defend a lawsuit after the withdrawal of counsel. *See United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS-RSE, 2019 WL 5579553, at *7 (W.D. Ky. June 6, 2019), *report and recommendation adopted*, 2019 WL 5586542 (W.D. Ky. July 2, 2019).

This Court has held that an entry of default pursuant to Fed. R. Civ. P. 55(a) does not need to be entered before granting a default judgment under Fed. R. Civ. P. 55(b) as a sanction imposed by Fed. R. Civ. P. 16(f). *See United Parcel Serv. Co.*, 2019 WL 5579553, at *7 n.5. In determining whether to grant default judgment as a sanction, courts consider four factors: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020) (quoting *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). Bad faith is generally considered

the most important factor. *See Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005).

As to the first factor, Inxeption's failure to comply with Court orders and retain new counsel is clear evidence of its willful bad faith. *See KCI USA*, 801 F. App'x 934 (citations omitted). In addition, Yifan is prejudiced because it cannot pursue its claims due to Inxeption's failure to participate in this litigation. *See id.* The third factor is also satisfied because the show cause order dated October 3, 2024, put Inxeption on notice that Yifan would seek a default judgment if Inxeption failed to comply and obtain new counsel. *See id.*; (Order 1-2, DN 38). Finally, the show cause order reflects that the Court considered a less drastic sanction. *KCI USA, Inc.*, 801 F. App'x at 934 (citations omitted); (Order 1-2, DN 38). As a result of Inxeption's unresponsiveness and disobedience, default judgment is the appropriate remedy. Yifan's motion is granted.

### B. Damages

In granting default judgment, Yifan requests that the Court awarded damages in the amount of $2,053,535.52. (Pl.'s Mot. Default J. 7). Under Fed. R. Civ. P. 55(b)(2), the Court may conduct a hearing to determine the amount of damages. *See W. Stone Works Co. v. Wilson's Funeral Home*, No. 2:21-CV-02103-TLP-tmp, 2021 WL 2324505, at *3 (W.D. Tenn. June 7, 2021) (citation omitted). "However, a hearing is unnecessary if the evidence submitted is sufficient to support the damages request, or if the amount claimed may be discerned from definite figures in documentary evidence or affidavits." *Trs. of Plumbers Loc. 98 Defined Benefit Pension Fund, v. Ward*, No. 20-CV-12665, 2021 WL 2389726, at *2 (E.D. Mich. June 11, 2021) (citing *McIntosh v. Check Resol. Serv., Inc.*, No. 10-14895, 2011 WL 1595150, at *4 (E.D. Mich. Apr. 27, 2011)).

In this instance, Yifan has tendered a declaration from Shengjia Hu ("Hu"), the manager for a subsidiary of Yifan who is personally familiar with its business operations. (Shengjia Hu Decl. ¶ 3, DN 40-1). After calculating the amount of the outstanding unpaid invoices and applying any credits for payments made by any source, Hu states that the outstanding balance owed is $2,053,536.52. (Hu Decl. ¶ 16 (citing Hu Decl. Ex. B, DN 40-1; Hu Decl. Ex. C, DN 40-1; Hu Decl. Ex. D, DN 40-1)). Hu's declaration and exhibits are sufficient to establish the amount of Yifan's damages. Accordingly, Yifan is awarded damages against Inxeption in the amount of $2,053,536.52.

C. **Prejudgment and Postjudgment Interest**

Yifan requests that pre-and postjudgment interest be imposed on the judgment entered against Inxeption. (Pl.'s Mot. Default J. 7). "In a diversity case, state law governs an award of prejudgment interest . . . ." *Poundstone v. Patriot Coal Co.*, 485 F.3d 891, 901 (6th Cir. 2007) (citing *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 633 (6th Cir. 2000)). Postjudgment interest, however, is governed by federal law. *See F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (citing *Clissold v. St. Louis-S.F. Rwy. Co.*, 600 F.2d 35, 39 n.3 (6th Cir. 1979)).

"Under Kentucky law, if the claim is liquidated, [prejudgment] interest follows as a matter of right, but if it is unliquidated, the allowance of interest is in the discretion of the trial court." *Poundstone*, 485 F.3d at 901 (quoting *Hale v. Life Ins. Co.*, 795 F.2d 22, 24 (6th Cir. 1986)); *see also Heartland Materials, Inc. v. Warren Paving, Inc.*, 384 F. Supp. 3d 786, 798 (W.D. Ky. 2019) (quoting *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005)). As the Kentucky Supreme Court has explained:

> Precisely when the amount involved qualifies as "liquidated" is not always clear, but in general "liquidated" means "[m]ade certain or fixed by agreement of parties

5

> or by operation of law." *Black's Law Dictionary* 930 (6th ed. 1990). Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price.

*Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991) (alterations in original). "A damages claim is liquidated if it is 'of such a nature that the amount is capable of ascertainment by mere computation, [or] can be established with reasonable certainty . . . .'" *Ford Contracting, Inc. v. Ky. Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. App. 2014) (quoting *3D Enters.*, 174 S.W.3d at 450).

The undisputed evidence is that Yifan's damages resulting from the outstanding balanced owed is $2,053,536.52. Because this amount is determined by mere computation of the amounts owed less credits for payments received, Yifan's damages are liquidated, and it is entitled to recover prejudgment interest. *See Heartland Materials*, 384 F. Supp. 3d at 799 ("[I]f damages are both undisputed and liquidated, prejudgment interest is payable as a matter of law." (alteration in original) (quoting *Barnett v. Hamilton Mut. Ins. Co. of Cincinnati*, No. 2009-CA-002234-MR, 2011 WL 43307, at *3-4 (Ky. App. Jan. 7, 2011))).

KRS 360.010 provides that the prejudgment interest generally accrues at the legal rate of 8% per annum. *See* KRS 360.010(1); *see also Fields v. Fields*, 58 S.W.3d 464, 467 (Ky. 2001) (noting the prejudgment interest rate is capped at 8% in KRS 360.010). Because none of the exceptions to that statute apply, Yifan is entitled to recover prejudgment interest at a rate of 8% per annum from Inxeption on the sum of $2,053,536.52.

As to postjudgment interest, 28 U.S.C. § 1961 "mandates the imposition of post-judgment interest, thus removing the award of such interest from the discretion of the District Court." *Bricklayers' Pension Tr. Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir. 1982) (citing *Clissold*, 600 F.2d at 39 n.3; *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir. 1943)). Accordingly,

6

the Court awards Yifan postjudgment interest pursuant to the terms and requirements of 28 U.S.C. § 1961.

### D. Attorneys' Fees

In addition, Yifan requests an award of attorneys' fees totaling $52,153.00. (Pl.'s Mot. Default J. 7). As the Sixth Circuit has explained:

> The traditional "American Rule" is that attorneys' fees are not awardable to the winning party unless statutorily or contractually authorized. However, certain exceptions to this general rule have been recognized. Thus, a court may award attorneys' fees to a successful party if his opponent has acted "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

*Huecker v. Milburn*, 538 F.2d 1241, 1245 (6th Cir. 1976) (internal citation omitted) (citation omitted). Rather than relying on any statute or contractual provision, Yifan cites to Fed. R. Civ. P. 16(f) and 54(d)(1). (Pl.'s Mot. Default J. 7).

In relevant part, Fed. R. Civ. P. 16 provides:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). "Rule 16(f) leaves the Court with great discretion in fashioning a remedy by allowing it to make such orders 'as are just.' Moreover, the remedies listed in Rule 16(f) are neither mandatory nor exhaustive." *Mallinckrodt, Inc. v. Masimo Corp.*, 254 F. Supp. 2d 1140, 1156 (C.D. Cal. 2023).

In relevant part, Fed. R. Civ. P. 54 provides:

> (A)   Claim to Be by Motion.   A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B)   Timing and Contents of the Motion.   Unless a statute or a court order provides otherwise, the motion must:
>     (i)   be filed no later than 14 days after the entry of judgment;

>   (ii)   specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>   (iii)  state the amount sought or provide a fair estimate of it; and
>   (iv)   disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2). "[T]the decision on attorney fees is one which is initially left to the trial judge's discretion. *See, e.g.*, *Hall v. Cole*, 412 U.S. 1 (1973). In exercising that discretion, the trial judge must, and naturally will, take into account all of the facts and circumstances of the case." *Dorfman v. First Bos. Corp.*, 70 F.R.D. 366, 371 n.11 (E.D. Pa. 1976).

Yifan requests an award of all of its attorneys' fees incurred in this litigation and prospective attorneys' fees relating to a possible appeal because Inxeption has apparently abandoned any defense and is not opposing the motion. Inxeption's default, however, does not warrant the recovery of the attorneys' fees requested by Yifan absent a statutory basis or contractual provision. Yifan's request is neither supported by statute or contractual provision, and the Court declines to make such an award.

## E. Costs and Expenses

Yifan also requests an award of court costs and case expenses totaling $4,100.00. (Ghafoor Dec. ¶ 11). In relevant part, Fed. R. Civ. P. 54 provides that "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As the moving party, Yifan has the burden to prove "that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Allen v. Highlands Hosp. Corp.*, Nos. 04-269-GFVT/05-040-GFVT, 2009 WL 1071811, at *2 (E.D. Ky. Mar. 24, 2009) (internal quotation marks omitted) (citation omitted). Under 28 U.S.C. § 1920, taxable costs include:

8

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this instance, Yifan has provided a total amount of costs and expenses but failed to provide an itemization of its request. As a result, the Court cannot determine to what extent the request may be proper, and the motion is denied on this basis.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default and Default Judgment (DN 40) is **GRANTED IN PART** and **DENIED IN PART**, and default judgment is entered against Defendant Inxeption Corporation in the amount of $2,053,536.52, plus prejudgment interest at a rate of 8% and postjudgment interest at a rate of 4.2% pursuant to 28 U.S.C. § 1961. Plaintiff's request for attorneys, costs, and expenses are denied.

Greg N. Stivers, Chief Judge
United States District Court

February 25, 2025

cc: counsel of record
Defendant, *pro se*

9